UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM INEZE EMASEALU,<br><br>          Petitioner,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent. | Case No. 1:22-cv-01047-CDB (HC)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE<br><br>(Docs. 1, 6) |

Petitioner Tom Ineze Emasealu is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed August 19, 2022.[1]  (Doc. 1).

Pending before the Court is Respondent's motion to dismiss, filed March 16, 2023.  (Doc. 13).  Petitioner had 21-days from the date the motion was filed (*e.g.*, no later than April 6, 2023) to file an opposition to Respondent's motion.  (Doc. 8).  As of the date of this order, Petitioner has not filed an opposition, and the time to do so has passed.  For the reasons set forth below, the Court grants Respondent's motion and dismisses the petition with prejudice.

**Background**

Petitioner currently is serving a 111-month sentence imposed by the District Court for the

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge and this action has been assigned to Magistrate Judge Christopher D. Baker for all purposes.  (Doc. 12).

Southern District of Texas on April 24, 2017, following Petitioner's convictions for numerous counts of access device fraud, wire fraud and aggravated identity theft. (*See* Mot. to Dismiss, Appendix ("Appx."), Doc. 13-1, at pp. 1-28).

In his habeas corpus petition, Petitioner challenges an order of removal entered against him on January 30, 2020 (Appx. At pp. 29-30) on the grounds that the immigration judge misapplied Supreme Court precedent and violated Petitioner's due process rights. *See generally* Doc. 1. The Board of Immigration Appeals (BIA) affirmed the order of removal, and Petitioner's application for review was denied by the Fifth Circuit Court of Appeals. (*See id.* at pp. 29-35).

**Jurisdiction**

In general, a federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988); *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006), cert. denied, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. *Tripati*, 843 F.2d at 1163; *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. *Hernandez*, 204 F.3d at 865. Section 2241(a) provides that writs of habeas corpus may be granted by the district courts "within their respective jurisdictions." A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-495 (1973). A petitioner filing a petition for writ of habeas corpus under § 2241 generally must file the petition in the judicial district of the petitioner's custodian. *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1990). Jurisdiction by the custodial district "is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) (quoting *Santillanes v. United States Parole Comm'n*, 754 F.2d 889, 888 (10th Cir. 1985)).

"The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the

availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." *Stephens*, 464 F.3d at 897. An exception exists by which a federal prisoner may challenge the validity or constitutionality of his federal conviction or sentence under § 2241, referred to as the "savings clause" or "escape hatch" of § 2255. *Id.*; *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). Under the § 2255 escape hatch, "a federal prisoner may file a § 2241 petition if, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012) (quoting *Stephens*, 464 F.3d at 897).

A remedy is not deemed "inadequate or ineffective" merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003); *accord Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (§ 2255 not inadequate or ineffective simply because the district court dismissed the § 2255 motion as successive and court of appeals did not authorize a successive motion). Instead, the Ninth Circuit has held that § 2255 provides an "inadequate and ineffective" remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence, and (2) has never had an "unobstructed procedural shot" at presenting the claim. *Harrison*, 519 F.3d at 959; *Stephens*, 464 F.3d at 898; *accord Marrero*, 682 F.3d at 1192. The petitioner bears the burden to show that remedy under § 2255 is inadequate or ineffective. *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963). If a petitioner fails to meet this burden, then his § 2241 petition must be dismissed for lack of jurisdiction. *Ivy*, 328 F.3d at 1060.

Moreover, where a party seeks to challenge an order of removal, the Immigration and Nationality Act ("INA") provides that a petition for review filed with an appropriate court of appeals "shall be the sole and exclusive means for judicial review" of such removal order. *Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012) (quoting 8 U.S.C. § 1252(a)(5)). "The statute, by its plain language, applies only to 'judicial review of an order of removal' and does not eliminate the ability of a court to review claims that are 'independent of challenges to removal orders.'" *Id.*

///

**Analysis**

Petitioner challenges neither the validity or constitutionality of his federal conviction or sentence, nor the manner, location, or conditions of that sentence's execution. Instead, he challenges an order of removal entered by an immigration judge and affirmed by the Board of Immigration Appeals (BIA), and for which he unsuccessfully sought review by the Fifth Circuit Court of Appeals. (Doc. 1, pp 2-3, 5). That petitioner squarely and directly challenges only an order of removal is confirmed by his filing in this habeas action of a "Motion to Reopen Order of Removal" (Doc. 6), which is a copy of the same motion he filed in the Fifth Circuit seeking review of the BIA affirmance.

"Congress has clearly provided that all claims – whether statutory or constitutional – that 'arise from' immigration removal proceedings can only be brought through the petition for review process in the federal courts of appeals." *J.E.F.M v. Lynch*, 837 F.3d 1026, 1029 (9th Cir. 2016) (citing 8 U.S.C. § 1252(a) and 1252(b)(9)). Petitioner has no argument that his challenge here is "independent of," "collateral to" or otherwise anything but "inextricably intertwined with" the removal process. *Id.* at 1033. Accordingly, the Court concludes that the petition must be dismissed because this Court lacks subject-matter jurisdiction over it.

**Conclusion and Order**

For the forgoing reasons, it is HEREBY ORDERED that Respondent's motion to dismiss (Doc. 13) is GRANTED, and Petitioner's petition for habeas corpus (Doc. 1) is DISMISSED WITH PREJUDICE.

It is FURTHER ORDERED that Petitioner's motion to reopen the order of removal (Doc. 6) is DENIED AS MOOT.

The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:   **April 19, 2023**                         _____
                                                                       UNITED STATES MAGISTRATE JUDGE